**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____


PATRICIA RODRIGUEZ, Plaintiff

v.

WET INK, LLC d/b/a ALPHAGRAPHICS, and
      a/k/a WET INK, CORPORATION, Defendant

_____

**COMPLAINT**
_____

      Plaintiff Patricia Rodriguez, by and through her attorney, Susan R. Hahn, hereby

submits her Complaint against Defendant Wet Ink, LLC d/b/a Alphagraphics, and a/k/a Wet

Ink, Corporation [hereinafter "Wet Ink"], stating as follows:

## I. NATURE OF THE CASE

      1.     This is an action for damages to redress the deprivation of Ms. Rodriguez's

rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*,

and for attorney fees and costs pursuant to 42 U.S.C. § 12117(a).

      2.     This action arises out of the employment and illegal termination of Plaintiff

Patricia Rodriguez by Defendant Wet Ink.  Ms. Rodriguez worked for Wet Ink in its

"Alphagraphics" store in Denver, Colorado from April 18, 2005 until August 28, 2006 when

she was illegally discharged from her job.  She held the position of Bindery Specialist prior to

her termination.  During her employment with Wet Ink, Ms. Rodriguez was subjected to sexual, gender and national origin/ancestry harassment by her supervisor, of which the Defendant had knowledge; and was subjected to gender and national origin/ancestry discrimination by her supervisor and the Defendant.

3.      Ms. Rodriguez complained of harassment and discrimination to Wet Ink's owners, as did a female coworker of Ms. Rodriguez.  Wet Ink failed to properly investigate these complaints and failed to protect Ms. Rodriguez from illegal sexual harassment, national origin/ancestry harassment, gender discrimination and national origin/ancestry discrimination in the workplace.  Ultimately, Ms. Rodriguez had no choice but to give notice of resignation to protect herself.  Rather than correct the illegal harassment and discrimination, Wet Ink retaliated against Ms. Rodriguez for complaining of illegal harassment and discrimination by giving her an unwarranted written warning and by firing her.

## II. <u>JURISDICTION</u>

4.      Jurisdiction of this case is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1331.  Plaintiff is alleging violations of rights under a federal statute, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.*

5.      The jurisdictional and procedural prerequisites for the filing of this lawsuit have been met.  Ms. Rodriguez filed a Charge of Discrimination based on gender discrimination and retaliation and based on national origin/ancestry discrimination and retaliation with the Colorado Civil Rights Division of Colorado and simultaneously with the

U.S. Equal Employment Opportunity Commission ("EEOC").  Ms. Rodriguez received a "right to sue" letter in the mail from the EEOC on January 29, 2008.

6.      Defendant Wet Ink has asserted in prior communications with Plaintiff that Plaintiff is forced to arbitrate her claims under an arbitration provision contained in the Defendant's employee handbook.  However, when Ms. Rodriguez attempted to avail herself of the company's arbitration provisions, Defendant responded by attempting to chill Ms. Rodriguez's rights to redress her grievances by asserting that her claims were time-barred and by attempting to force Ms. Rodriguez to pay the full amount of arbitration fees and costs, which she could not afford, and which was in contradiction of the Defendant's own arbitration procedure.  Plaintiff therefore withdrew her request for arbitration prior to filing this Complaint.

7.      Defendant's assertions regarding the arbitration provision in the employment handbook and other inadequacies make it illusory and unconscionable, and therefore unenforceable under federal law, allowing her to file her case with this Court.

### III. <u>PARTIES</u>

8.      Plaintiff Patricia A. Rodriguez is a citizen of the United States of America and a resident of the State of Colorado.

9.      At all times material, Defendant Wet Ink has been either a Colorado Limited Liability Company (LLC) or a Colorado corporation with its principal place of business in the State of Colorado, and has been and continues to do business in the State of Colorado.

10.     At all times material to this lawsuit, Defendant Wet Ink was and is a private employer that did and does employ 15 or more employees, and is therefore an "employer" as defined by Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended.

## IV.  GENERAL ALLEGATIONS

11.     Plaintiff Patricia Rodriguez was hired as a Bindery Specialist and began her employment with Wet Ink on April 18, 2005.

12.     Ms. Rodriguez had an excellent employment history with Wet Ink and received raises during her employment.

13.     Defendant harassed Ms. Rodriguez throughout her employment and consequently discharged her from the position of Bindery Specialist, for which she was otherwise qualified, because of her sex, female, and because of her national origin/ancestry, Hispanic.

14.     Tom Meltz, Operations Manager for Wet Ink and Ms. Rodriguez's direct supervisor, harassed Ms. Rodriguez throughout her employment due to her gender, female, and due to her national origin/ancestry, Hispanic.  Mr. Meltz ignored her, refusing to even respond to her greetings; yelled at her in front of coworkers; unfairly scrutinized her work; accused her of committing mistakes when she had not made the mistakes; did not answer her work-related questions; and sent her to wrong addresses to deliver jobs.  When Mr. Meltz would find out that someone else had made the mistake instead of Ms. Rodriguez, he did not apologize or correct his error.

15.     One or more other female employee(s) were also mistreated by Tom Meltz. Most of the other workers in the store were Caucasian, while Ms. Rodriguez is Hispanic.

16.     Tom Meltz unnecessarily scrutinized the work of Ms. Rodriguez to catch any mistake so that he could bring it to the attention of the owner, making it appear as negative for Ms. Rodriguez as possible.  Mr. Meltz never acknowledged his own mistakes, often throwing them away or getting his friends not to say anything to the owners.

17.     While on the job and in the workplace, Tom Meltz made derogatory comments about women, including comments about strip joints and that watching women take off their clothes was all they were good for.   A coworker overheard Mr. Meltz call Ms. Rodriguez a "hysterical woman" on several occasions, and also heard him make a comment that "all women are good for is pole dancing."  Tom Meltz also called Ms. Rodriguez "trailer-trash" behind her back.  Tom Meltz and another male employee would make open-handed gestures behind Patricia Rodriguez's back and then laugh at her.

18.     Tom Meltz favored a male employee, Phil Evenstead, over Ms. Rodriguez and over any other female employee in the office.  For example, Mr. Meltz overlooked the many mistakes made by Mr. Evenstead, while attempting to trump up performance allegations against Patricia Rodriguez.  Mr. Meltz also delegated the good jobs to Mr. Evenstead, rather than to Ms. Rodriguez or another female worker.  Mr. Meltz allowed Mr. Evenstead to get away with doing nothing for the first half an hour, sometimes up to an hour and a half, in the mornings.

19.     Tom Meltz would give Ms. Rodriguez boxes for delivery that were overloaded, knowing it would be difficult for her to pick up and carry them for delivery.  After she left work in the evening, he set out deliveries for her to take the next morning without placing notice on the delivery board and then blamed her for not taking them and telling upper management that he did, in fact, notify her.

20.     Tom Meltz would try to get a reaction from Ms. Rodriguez by ignoring her or making sarcastic remarks to her about something he felt she was not doing right, and then he would go around to each employee and say, "watch out for Patti - she's in one of her moods."

21.     Tom Meltz yelled at Ms. Rodriguez in front of other employees.  If she stood up for herself, Mr. Meltz would tell his boss, Mr. Mooney, that she was not showing him respect.  Mr. Meltz then pretended that he had been trying to help Ms. Rodriguez with the project, when he was not doing that at all.  Store owner Dave Mooney always believed Mr. Meltz, even though he did not tell the truth about Ms. Rodriguez.

22.     Tom Meltz blocked any opportunity for Ms. Rodriguez to have the job she wanted on the front counter.  He did not offer to help her learn the front counter, and his treatment of her was discriminatory in comparison with male and/or Caucasian workers.

23.     On January 17, 2006, Patricia Rodriguez filed a seven page written complaint with Wet Ink about the "prejudice and discriminating treatment" she was receiving from Mr. Meltz.  For example, she complained that Mr. Meltz discriminated against her by yelling at her in front of coworkers and by ignoring her, including by failing to answer her questions

while answering those of two male employees.  She told Wet Ink that Tom Meltz made gestures behind her back.

24.     Upon information and belief, Wet Ink failed and refused to investigate or take any action on Ms. Rodriguez's January 17, 2006 complaint.

25.     On February 15, 2006, another female employee of Wet Ink, Dallas Shelton, provided a resignation letter to Wet Ink that included complaints about Tom Meltz's discriminatory behavior toward her and preferential treatment of a male employee.  She also alleged that Mr. Meltz made comments of a sexual nature about her.  She also reported Mr. Meltz's mistreatment toward Patricia Rodriguez.

26.     Upon information and belief, Defendant Wet Ink failed and refused to investigate Ms. Shelton's complaints of discrimination toward her or toward Ms. Rodriguez.

27.     The treatment that Patricia Rodriguez was subjected to created an intimidating, hostile and offensive environment for her at work.  Tom Meltz's harassing and discriminatory conduct was severe and pervasive.

28.     Defendant Wet Ink failed and refused to exercise reasonable care to prevent and promptly correct the adverse treatment received by Ms. Rodriguez.

29.     On August 28, 2006, Ms. Rodriguez could no longer tolerate the discriminatory treatment from Tom Meltz and submitted a two week notice to Wet Ink indicating that she had to resign due to Tom Meltz's mistreatment.  Wet Ink then gave Ms. Rodriguez a written warning alleging that she had performance problems, and discharged her on August 28, 2006.

30.     Another male employee who received preferential treatment from Tom Meltz had demonstrated performance deficiencies, yet remained employed by Defendant Wet Ink while Ms. Rodriguez was fired.

31.     Ms. Rodriguez was never given any prior formal verbal or written warning concerning any unprofessional behavior at work, any performance problems, or any violation of company policies until the day she submitted a two week notice and was fired.

## V.  <u>FIRST CLAIM FOR RELIEF</u>

**(Violations of Title VII of the Civil Rights Act of 1964: Hostile Work Environment Sexual Harassment, Gender Discrimination and Retaliation)**

32.     Plaintiff Patricia Rodriguez hereby incorporates paragraphs 1 through 31 above as though fully alleged herein.

33.     By virtue of her gender, Plaintiff Patricia Rodriguez is a member of a protected group under Title VII, that is, she is a female.

34.     Plaintiff Patricia Rodriguez was otherwise qualified for the position she was performing, and performed her job in a satisfactory manner.

35.     On November 29, 2006, Patricia Rodriguez filed a Charge of Discrimination with the Colorado Civil Rights Division and simultaneously filed a Charge of Discrimination with the EEOC, based on illegal sexual harassment, gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

36.     On or about August 24, 2007, the Colorado Civil Rights Division issued a Probable Cause determination on the Plaintiff's claim of harassment and discharge based on sex.

37.     Ms. Rodriguez received a "right to sue" letter from the EEOC on or about January 29, 2008.

38.     Defendant Wet Ink consciously and purposefully discriminated against Patricia Rodriguez because of her sex, in violation of Title VII and the Colorado Anti-Discrimination Statute, by:

a.      Failing and refusing to take prompt remedial action to protect Ms. Rodriguez from illegal sexual harassment in the workplace by its Operations Manager, after being made aware by Ms. Rodriguez and a coworker of his sexual and gender harassment;

b.      Providing Ms. Rodriguez with less favorable terms and conditions of employment including, but not limited to, allowing her to be denied favorable work assignments, allowing allegations of performance issues to be trumped up against her, and allowing her to be treated with hostility and disrespect;

c.      Issuing a written warning to Ms. Rodriguez based on the unsupported assertions of the harassing supervisor; and

d.      Terminating Ms. Rodriguez's employment.

39.     Upon information and belief, Ms. Rodriguez was replaced by someone not of her protected class, female.

40.     Defendant Wet Ink consciously and purposefully retaliated against Plaintiff Rodriguez for opposing sexual and gender harassment in the workplace by her supervisor, and such retaliation led to the issuance of a written disciplinary warning and the termination of her employment.

41.     As a proximate result of the Defendant's above-described discriminatory and retaliatory actions, Plaintiff Patricia Rodriguez has suffered and continues to suffer economic losses and emotional distress.

## VI.  SECOND CLAIM FOR RELIEF
**(Violations of Title VII of the Civil Rights Act of 1964:  National Origin/Ancestry Harassment and Discrimination and Retaliation)**

41.     Plaintiff Patricia Rodriguez hereby incorporates paragraphs 1 through 40 above as though fully alleged herein.

42.     By virtue of her national origin/ancestry, Plaintiff Patricia Rodriguez is a member of a protected group under state and federal anti-discrimination statutes, that is, she is of Hispanic origin.

43.     Plaintiff Patricia Rodriguez was otherwise qualified for the position she was performing, and performed her job in a satisfactory manner.

44.     On November 29, 2006, Patricia Rodriguez filed a Charge of Discrimination with the Colorado Civil Rights Division and simultaneously filed a Charge of Discrimination with the EEOC, based on illegal national origin/ancestry harassment, national origin/ancestry discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

45.    Ms. Rodriguez received a "right to sue" letter from the EEOC on or about January 29, 2008.

46.    Defendant Wet Ink consciously and purposefully discriminated against Plaintiff because of her national origin/ancestry, Hispanic, in violation of Title VII, by:

a.    Failing and refusing to take prompt remedial action to protect Ms. Rodriguez from national origin/ancestry harassment in the workplace by its Caucasian Operations Manager, of which it knew or should have known.

b.    Providing Ms. Rodriguez with less favorable terms and conditions of employment including, but not limited to, allowing her to be denied favorable work assignments, allowing allegations of performance issues to be trumped up against her, and allowing her to be treated with hostility and disrespect;

c.    Issuing a written warning to Ms. Rodriguez based on the unsupported assertions of the harassing supervisor; and

d.    Terminating Ms. Rodriguez's employment.

47.    On information and belief, Ms. Rodriguez was replaced by someone not of her protected class, Hispanic.

48.    Defendant Wet Ink consciously and purposefully retaliated against Plaintiff Rodriguez for opposing national origin/ancestry harassment and discrimination in the workplace by her supervisor, and such retaliation led to the issuance of a written disciplinary warning and the termination of her employment.

49.     As a proximate result of the Defendant's above-described discriminatory and retaliatory actions, Plaintiff Patricia Rodriguez has suffered and continues to suffer economic losses and emotional distress.

## VI.  <u>REQUEST FOR RELIEF</u>

50.     Plaintiff Patricia Rodriguez respectfully requests that this Court enter judgment in her favor and against Defendant Wet Ink, LLC d/b/a Alphagraphics, and a/k/a Wet Ink, Corporation and award the following relief:

a.     Compensatory damages, including but not limited to, damages for emotional distress;

b.     Back pay;

c.     Front pay;

d.     Injunctive and/or declaratory relief;

e.     Pre-award and post-award interest;

f.     Punitive damages in an amount to be determined at hearing;

g.     Attorneys' fees and costs of this action, including expert witness fess; and

h.     Such other and further relief as justice allows.

**PLAINTIFF REQUESTS THE ISSUES HEREIN BE TRIED TO**

**A JURY OF SIX PERSONS.**

Date:  April 25, 2008                    Respectfully submitted,

                                         LAW OFFICE OF SUSAN R. HAHN LLC

                                         /s/ Susan R. Hahn
                                         **Susan R. Hahn**
                                         Law Office of Susan R. Hahn LLC
                                         5765 South Curtice Street
                                         Littleton, CO  80120
                                         Telephone:  (720) 283-6282
                                         FAX:  (720) 283-1091
                                         E-mail:  Hahnlaw@juno.com
                                         Attorney for Plaintiff, Patricia A. Rodriguez

Address of Plaintiff:
4695 Hoyt Street
Wheatridge, CO  80033