# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08 CV 00857 RPM - CBS

PATRICIA RODRIGUEZ

      Plaintiff,

WET INK, LLC, d/b/a ALPHAGRAPHICS and
a/k/a WET INK, CORPORATION,

      Defendant,

---

## RENEWED MOTION FOR SUMMARY JUDGMENT

---

Wet Ink, LLC, d/b/a Alphagraphics and a/k/a Wet Ink, Corporation, (Wet Ink) by and through its attorneys, Underhill & Underhill, P.C., renews its request that this court dismiss Plaintiff's claims for lack of subject matter jurisdiction and as time-barred, because the parties executed an arbitration agreement. Fed. R. Civ. P. 56 applies to this motion because this Court must consider the arbitration agreement, a document outside of the pleadings. Fed. R. Civ. P. 12(h).

Counsel for Wet Ink, LLC, certifies that counsel have previously discussed this Motion with counsel for Ms. Rodriguez, and she opposes the requested relief. D.C. Colo. L. Civ. R. 7.1(A).

## INTRODUCTION

All of Ms. Rodriguez' claims must be dismissed because she agreed to arbitration. The existence of an arbitration agreement divests this Court of subject matter jurisdiction. Following dismissal, this Court need not compel arbitration because Ms. Rodriguez' claims are also time-

barred.  The arbitration agreement divested state and local agencies of jurisdiction to adjudicate her claims, and as a consequence, no activity before these agencies extended Ms. Rodriguez' statue of limitations beyond the initial 180 day filing period.

## UNDISPUTED FACTS

Ms. Rodriguez agreed to arbitrate the claims arising out "illegal harassment and discrimination" that she asserts in her Complaint.  *See Complaint* at ¶ 3. She agreed that:

> In the event that any dispute arising between me and the company concerning my employment, the termination of that employment, *or any claim of discrimination*, *harassment*, or failure to pay wages, benefits, or other compensation, I agree that I may not sue upon such claims in a court of law, but agree to binding arbitration of any and all such claims, pursuant to the rules for employment disputes, if any, published or suggested by the Judicial Arbiter Group, Inc., Denver, Colorado, for the handling of employment claims and disputes, and that I will be required to arbitrate pursuant to the terms and conditions concerning arbitration contained in the employee handbook, if any.

*Form 3* (**Exhibit 1**), emphasis added.  Ms. Rodriguez later ratified the arbitration agreement by demanding arbitration.  *Demand for Arbitration* (**Exhibit 2**).  She admits that the arbitration agreement is a binding contract.  *Arbitration Complaint* at ¶ 5 (**Exhibit 3**).

The arbitration agreement incorporates a specific arbitration procedure as it existed in the Handbook[1] as of the date agreement was signed, and does not permit Wet Ink to modify those terms. *Form 3* (**Exhibit 1**). The parties are to arbitrate before Judge Barr of the Judicial Arbiter's Group, or choose another mutually acceptable arbitrator if Judge Barr is unavailable.  *Employee Handbook*

---

[1]  FORM 3 is not incorporated into or referenced by the Employee Handbook, and is a distinct, binding contract. *See Employee Handbook*, (**Exhibit 4**).

at 29 - 30 (**Exhibit 4**).  Wet Ink is to pay <u>all</u> costs to arbitrate with current employees, and <u>half</u> of the cost to arbitrate with terminated employees.  *Id*. at p. 29.  However, Wet Ink has no obligation to pay to arbitrate with employees who resign.  *Id*.  Ms. Rodriguez resigned on or around August 28, 2006.  *Complaint* at ¶ 29.

Almost two years after her resignation, after mediation before the Colorado Civil Rights Division, Ms. Rodriguez demanded arbitration.  She elected to pursue arbitration rather than file a civil complaint because her attorney believed that Wet Ink did not have enough employees for a Title VII lawsuit, and that arbitration would be faster and cheaper. *Transcript*, July 30, 2008 at p. 3, ln. 5 - 6; p. 6, ln. 1 - 6 (**Exhibit 5**).  Wet Ink agreed to arbitrate, but noted that the agreement did not require Wet Ink to bear the cost of arbitrating time-barred claims against employees, like Ms. Rodriguez, who voluntarily resigned.  *Letter from James C. Underhill, Jr.*, Mar. 6, 2008 (**Exhibit 6**).  Unsatisfied with this response, Ms. Rodriguez backed out of arbitration and filed the Complaint.

## PROCEDURAL HISTORY

In the summer of 2008, Wet Ink asked this Court to dismiss Ms. Rodriguez' claims under three different theories.  First, Wet Ink argued that Ms. Rodriguez' claims were time-barred because she had not filed suit within ninety (90) days of receiving her right-to-sue letter from the Colorado Civil Rights Division (CCRD).  Second, Wet Ink argued that Ms. Rodriguez' claims were subject to mandatory arbitration.  Third, Wet Ink argued that, because of the arbitration clause, no state or federal administrative body ever had jurisdiction to adjudicate her claims, and therefore, her claims were time-barred independent of the ninety (90) day requirement.

The Honorable Judge Matsch found the first ground dispositive and did not reach the second two arguments.  In April, the Tenth Circuit Court of Appeals reversed on the issue decided by Judge Matsch.  *Rodriguez v. Wet Ink*, 603 F.3d 810, 816 (10th Cir. 2010).  The Circuit did not address any issue related to the arbitration clause and remanded for further proceedings.  *Id*.  Wet Ink therefore renews its request for dismissal based on the arbitration clause.

## ARGUMENT

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  *In re Ribozyme Pharmaceuticals, Inc. v. Securities Litigation*, 209 F.Supp.2d 1106, 1109 (D.Colo. 2002).  In this case, there is no dispute that the parties entered into an arbitration agreement encompassing the discrimination claims asserted by Ms. Rodriguez in this lawsuit.  *Form 3* (**Exhibit 1**).

Since this single, undisputed fact requires dismissal of Ms. Rodriguez' claims, no other facts are material.  Because the arbitration agreement divests this Court of jurisdiction over this dispute, Ms. Rodriguez' claims must be dismissed.  Fed. R. Civ. P. 12(h)(3).  Her arguments about the enforceability of the agreement are for the arbitrator, not this Court.  Finally, the arbitration clause also divested state and federal agencies from adjudicating this dispute, and therefore, Ms. Rodriguez should have commenced arbitration 180 days after her resignation.

## I.      THE ARBITRATION AGREEMENT DIVESTS THIS COURT OF JURISDICTION.

Because the parties agreed to resolve Ms. Rodriguez' claims in arbitration rather than in Court, this Court lacks subject matter jurisdiction.  An arbitration provision is a specialized forum

selection clause, *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 at n. 14 (1974), by which the parties contract to divest the judiciary of jurisdiction over claims in favor of another forum.  A valid, enforceable arbitration agreement "divests the courts of jurisdiction over all disputes that are to be arbitrated pending the conclusion of arbitration." *Mountain Plains Constructions, Inc. v. Torrez*, 758 P.2d 928, 930 (Colo. 1990).  When this Court lacks subject matter jurisdiction over a claim, that claim must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).[2]

The parties' written contract agreeing "to settle by arbitration a controversy thereafter arising" is "invalid, irrevocable, and enforceable, save on such grounds existed law or inequity for the revocation of any contract."  9 U.S.C. § 2.  Agreements to arbitrate claims arising out from alleged employment "discrimination prohibited by federal law," such as the agreement in this case, are enforceable.  *Circuit City Stores, Inc., v. Adams, Inc.*, 532 U.S. 105, 121-3 (2001).  *See also Pacific Care Health Systems, Inc.v. Book*, 538 U.S. 401, 406 (2003).

There is a strong presumption in favor of requiring the parties to arbitrate where they have agreed to do so.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1 (1983); *GATX Management Services, LLC v. Weakland*, 171 F.Supp.2d 1159 (D. Colo. 2001).  Once a party demonstrates the existence of an arbitration clause, the burden of defeating the arbitration clause is

---

[2]  Under different circumstances, this Court could enter a stay of proceedings and compel Ms. Rodriguez to commence arbitration "in accordance with the terms of the agreement."  9 U.S.C. §§ 3 and 4.  However, as described more fully in Section 3 below, one of the consequences of the arbitration clause in this case is that Ms. Rodriguez' claims are time-barred.  Thus, dismissal, not a stay, is the correct procedure here.

on the party seeking to avoid its effect.  *See Green Tree*, 531 U.S. at 92; *Fiser v. Dell Computer Corp.*, 165 P.3d 328, 342 (N.M.App. 2007);  *Hubbert v. Dell Corp.*, 835 N.E.2d 113, 121 (Ill.App. 2005); 6 C.J.S. Arbitration § 240; 4 Am.Jur.2d Alternative Dispute Resolution § 98.

Ms. Rodriguez does not meet her burden of defeating arbitration simply by alleging that arbitration is expensive.  The arbitration clause is enforceable regardless of whether it subjects her to substantial costs.  *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89 - 90 (2000).  Ms. Rodriguez cannot reasonably claim to be deterred from pursuing her statutory rights in arbitration, since the costs she would pay in arbitration would likely be far less than she would pay in attorney fees and costs to litigate this matter in federal court.  *See Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249, 1253 (Colo.App. 2001).  Indeed, at the last hearing in this matter, Ms. Rodriguez' counsel admitted that arbitration would "ultimately save some costs."  *Transcript*, July 30, 2008, p. 6, ln. 1 - 6 (**Exhibit 5**).

## II.   THE ARBITRATOR MUST DECIDE MS. RODRIGUEZ' ARGUMENTS ABOUT ENFORCEABILITY OF THE ARBITRATION AGREEMENT.

Ms. Rodriguez does not deny that she signed and ratified the arbitration. Nevertheless, she argues that the agreement is unenforceable.  *See Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction*.  However, the enforceability of the agreement is itself a question for the arbitrator, not this Court.  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967).  *See also Taylor v. First North American Nat. Bank*, 325 F.Supp.2d 1304 (M.D.Ala. 2004) ("Prima Paint's mandate is that challenges to the validity of a contract as a whole must be presented to the arbitrator").  The United States Supreme Court has explained:

> [T]he courts of appeals have consistently concluded that questions of arbitability must be addressed with a healthy regard for the federal policy favoring arbitration. We agree. The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitable issues should be resolved in favor of arbitration, *whether the problem at hand is the construction of the contract language itself or an allegation of wavier, delay, or like defense to arbitability*.

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983), emphasis added. *See also Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) (mentioning "the general presumption that a particular issue is arbitrable when the existence of an arbitration agreement is not in dispute").

Allegations that a contract is unenforceable do not invalidate arbitration agreements. *Weis Builders, Inc. v. Kay S. Brown Living Trust*, 236 F.Supp.2d 1197, 1203-04 (D.Colo. 2002), *aff'd,* 94 Fed.Appx. 687 (10th Cir. 2004). *See also Patrick Higgins & Co., Inc. v. Brooke Corp.*, 2007 WL 2317123 (D.Kan. 2007), *unpublished* ("the issue of the contract's validity is different from the issue of whether any agreement between the alleged obligor and obligee was ever concluded"). In *Weis*, this Court explained that enforcement of an arbitration clause turns on whether the plaintiff: (1) disputes they ever agreed to arbitrate in the first place; or (2) admits they agreed to arbitrate but now argue it cannot be enforced against them. *Id*. at 1203 - 4. In the latter case, the case that applies to this dispute, the question of enforcement is for the arbitrator, not the Court. *Id*., *citing Prima Paint Corp. v. Flood & Conklin Manuf' Co.*, 388 U.S. 395, 404 (1967). Here, it is undisputed that Ms. Rodriguez did agree to arbitrate; her only complaint is that she no longer wishes to be bound by that agreement. She may make this argument only to the arbitrator.

## II.     THIS COURT SHOULD DISMISS THE COMPLAINT AS TIME-BARRED.

Ms. Rodriguez was not entitled to wait for two (2) years after her resignation to commence arbitration or a lawsuit because: (1) the arbitration provision divested the EEOC/CCRD of jurisdiction to <u>adjudicate</u> her claims; and as a result (2) this dispute should have been brought within 180 days of Ms. Rodriguez' resignation.

The arbitration agreement divested the CCRD/EEOC of jurisdiction to adjudicate Ms. Rodriguez' dispute. *See Preston v. Ferrer*, 128 S.Ct. 978, 986 - 7 (2008). In *Preston*, the United States Supreme Court upheld long-standing precedent that an arbitration agreement prevents government agencies from adjudicating a dispute. *Id*. The Supreme Court explained that, without this rule, agency activity would long delay the start of arbitration, "in contravention of Congress' intent to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id*. at 986.

Of course, an individual is still free to alert a government agency to alleged wrongdoing or request that the government agency act as an informal mediator, just as Ms. Rodriguez did. *Id*. at 986 - 7. Agencies are merely prohibited from *adjudicating* a dispute where the parties have agreed to arbitrate instead. *Id*. at 987. *See also Gilmer v. Interstate / Johnson Lane Corp.*, 500 U.S. 20, 21 (1991) ("[A]n ADEA claimant is free to file an EEOC charge even if he is precluded from instituting suit, since the EEOC has independent authority to investigate age discrimination ... and the agencies mere involvement in a statute's enforcement *is insufficient to preclude arbitration*."), *emphasis added*. In other words, Ms. Rodriguez's attempt to involve the CCRD/EEOC in her arbitrable claims

was akin to filing criminal charges while seeking civil relief for the same alleged wrongs.  Neither the involvement of a police department or an agency delays or "preclude[s] arbitration." *Gilmer*, 500 U.S. at 21.

Because a determination by the CCRD or EEOC was "not a condition precedent to the commencement" of arbitration, agency activity did not affect Ms. Rodriguez' deadlines to commence arbitration or file a lawsuit. *See Meridian Oil Production, Inc. v. Universal Resources Corp.*, 978 F.2d 1267 (10th Cir. 1992) (*unpublished*).  In *Meridian*, the Tenth Circuit acknowledged that adjudication of a dispute by a government agency, can toll a statute of limitations.  *Id.*, citing *Reppy v. Department of Interior*, 874 F.2d 728, 730 (10th Cir. 1989) and *Salgado v. Atlantic Richfield Company*, 823 F.2d 1322 (9th Cir. 1987) (statute of limitations is tolled until EEOC has completes its investigation and issues right-to-sue letter).  Mere alternative dispute resolution, by contrast, is not "a condition precedent to the filing of a lawsuit," and therefore has no effect on the plaintiff's statute of limitations.  *Id.*  So too here.  Ms. Rodriguez was free to seek the CCRD's assistance in mediating her dispute, and she did.  But, while she did so, her deadline to commence arbitration continued to run.

Since agency activity did not affect Ms. Rodriguez' statute of limitations, the Court should look to the language of Title VII to determine whether the arbitration demand was timely filed.  Title VII does not include a statute of limitation as such, but the one hundred and eighty (180) day

deadline[3] to file a claim with an administrative agency has been universally accepted as serving the purpose of a statute of limitations.  *See Zipes v. Trans. World Airlines, Inc.*, 455 U.S. 385 (1982); *United Air Lines, Inc. v. Evans*, 431 U.S. 553 (1977); *Kirk v. Rockwell Intern. Corp.*, 578 F.2d 814 (9th Cir. 1978) (explaining the legislative history of the limitations provision and holding it was intended to act as a statute of limitations); *Draper v. U.S. Pope & Foundry Co.*, 537 F.2d 515, 522 (6th Cir. 1975) ("Title VII establishes its own statute of limitations").

In the absence of an arbitration clause, the CCRD/EEOC would have had jurisdiction to adjudicate the claim and therefore Ms. Rodriguez' statute of limitations would be tolled while the agencies processed her claim.  She would then have until ninety (90) days after the agencies completed their work to sue.  However, here, the arbitration provision deprived the CCRD/EEOC of jurisdiction and permitted Ms. Rodriguez to commence arbitration immediately.  Therefore, the agency's involvement did not extend her deadline past the initial 180 days.

But, Ms. Rodriguez did not commence arbitration or file a lawsuit until almost two years after her resignation.  Ms. Rodriguez claims that she resigned from Wet, Inc., on or around August 28, 2006.  *Complaint* at ¶ 29.  She did not demand arbitration until February of 2008, and did not file this lawsuit until the following April, almost two (2) years later.  Ms. Rodriguez is therefore time barred from asserting any claims under 26 U.S.C. § 2000-e *et seq*.

---

[3]  Arguably, Ms. Rodriguez' deadline was extended to three hundred (300) days because her Title VII claims were dual-filed with the EEOC.  *See* 26 U.S.C. § 2000e-5.

**WHEREFORE**, Wet Ink respectfully requests that this Court DISMISS Ms. Rodriguez's Complaint in its entirety and award Defendants their attorney fees and costs.

Respectfully submitted this 29th day of June, 2010.

UNDERHILL & UNDERHILL, P.C.

*/s/ Colin E. Moriarty*

_____

Colin E. Moriarty, #36865
Joanne P. Underhill, #16690
5340 South Quebec Street, Suite 306 North
Greenwood Village, Colorado 80111-1906

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this June 29th, 2010, a true and correct copy of the foregoing **RENEWED MOTION FOR SUMMARY JUDGMENT** was e-filed via PACER, and placed in the United States mail, postage prepaid, to the following:

Susan R. Hahn, Esq.
Law Office of Susan R. Hahn, LLC
 5765 South Curtice Street
Littleton, Colorado 80120


/s/ Colin E. Moriarty
_____

Colin E. Moriarty